## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES | : | MDL NO. 1871 |
| PRACTICES AND PRODUCTS | : | 07-MD-01871 |
| LIABILITY LITIGATION | : | |
| | | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT APPLIES TO: | : | CIVIL ACTION |
| | : | |
| Gerald Rowley v. GlaxoSmithKline, LLC | : | No. 10-5934 |
| Samuel Ascioti v. GlaxoSmithKline, LLC | : | No. 10-6128 |
| Diane Blount v. GlaxoSmithKline, LLC | : | No. 10-6131 |
| Donald Lewis v. GlaxoSmithKline, LLC | : | No. 10-6137 |
| Clyde Pischner v. GlaxoSmithKline, LLC | : | No. 10-6142 |
| Daniel Rosebaro v. GlaxoSmithKline, LLC | : | No. 10-6143 |
| Gregory Vermilyea v. GlaxoSmithKline, LLC | : | No. 10-6144 |
| Paul Wyatt, II v. GlaxoSmithKline, LLC | : | No. 10-6146 |
| Aniello Murano v. GlaxoSmithKline, LLC | : | No. 10-6147 |
| Calvin Day v. GlaxoSmithKline, LLC | : | No. 10-7473 |
| Amjad Faheem v. GlaxoSmithKline, LLC | : | No. 11-695 |
| William Doss v. GlaxoSmithKline, LLC | : | No. 11-697 |
| Mary Diaz v. GlaxoSmithKline, LLC | : | No. 11-699 |
| Francesco D'Amico, Jr. v. GlaxoSmithKline, LLC | : | No. 11-704 |
| William Cottrell v. GlaxoSmithKline, LLC | : | No. 11-706 |
| John Cohen v. GlaxoSmithKline, LLC | : | No. 11-708 |
| Rand Briem v. GlaxoSmithKline, LLC | : | No. 11-709 |
| Donna Brazzell v. GlaxoSmithKline, LLC | : | No. 11-710 |
| Terry Borton v. GlaxoSmithKline, LLC | : | No. 11-711 |
| Wilfred Bertrand v. GlaxoSmithKline, LLC | : | No. 11-712 |
| Esther Tharp v. GlaxoSmithKline, LLC | : | No. 11-714 |
| Monica Puthumana v. GlaxoSmithKline, LLC | : | No. 11-715 |
| Jose Patino v. GlaxoSmithKline, LLC | : | No. 11-716 |
| Glenn Patin v. GlaxoSmithKline, LLC | : | No. 11-717 |
| Douglas Moseley v. GlaxoSmithKline, LLC | : | No. 11-718 |
| Jerry Mize v. GlaxoSmithKline, LLC | : | No. 11-720 |
| Ismael Medrano, Sr. v. GlaxoSmithKline, LLC | : | No. 11-721 |
| John McCusker, Sr. v. GlaxoSmithKline, LLC | : | No. 11-722 |
| David Lawter v. GlaxoSmithKline, LLC | : | No. 11-724 |
| James Lancaster, Jr. v. GlaxoSmithKline, LLC | : | No. 11-725 |
| Leo Jordan v. GlaxoSmithKline, LLC | : | No. 11-726 |
| Marcelean Jones v. GlaxoSmithKline, LLC | : | No. 11-727 |
| Deloris Jackson v. GlaxoSmithKline, LLC | : | No. 11-729 |
| Harriet Green v. GlaxoSmithKline, LLC | : | No. 11-731 |

| | | |
|---|---|---|
| Peter J. Garlock v. GlaxoSmithKline, LLC | : | No. 11-732 |
| Albert Wooldridge v. GlaxoSmithKline, LLC | : | No. 11-733 |
| Kerry Wilson v. GlaxoSmithKline, LLC | : | No. 11-734 |
| Barbara Wilson v. GlaxoSmithKline, LLC | : | No. 11-735 |
| Pamela Ward v. GlaxoSmithKline, LLC | : | No. 11-736 |
| Donna Tucker v. GlaxoSmithKline, LLC | : | No. 11-737 |
| Jack Summey v. GlaxoSmithKline, LLC | : | No. 11-738 |
| Fred Stewart v. GlaxoSmithKline, LLC | : | No. 11-739 |
| Daniel Southerland v. GlaxoSmithKline, LLC | : | No. 11-740 |
| Thomas Smith v. GlaxoSmithKline, LLC | : | No. 11-741 |
| Gerald Sipplen v. GlaxoSmithKline, LLC | : | No. 11-742 |
| Alan Simzyk v. GlaxoSmithKline, LLC | : | No. 11-743 |
| Robert Scott v. GlaxoSmithKline, LLC | : | No. 11-744 |
| Paula Winter v. GlaxoSmithKline, LLC | : | No. 11-746 |
| David Magidson v. GlaxoSmithKline, LLC | : | No. 11-938 |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                 **October 14, 2011**

By Memorandum and Order dated September 7, 2011, the Court denied motions to dismiss based on the statute of limitations in 60 cases filed directly in this District as part of the Avandia Multi-District Litigation.  Defendant GlaxoSmithKline, LLC ("GSK") has filed Motions for Partial Reconsideration, seeking again to dismiss all or part of 49 of these cases.[1] The Motions will be denied.

## LEGAL STANDARD

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.1(g) and are considered motions to "alter or amend" judgment under Federal Rule of Civil Procedure 59(e). The standard for granting a motion for reconsideration is stringent, and can only be satisfied in

---

[1] GSK does not move for reconsideration in those cases in which Plaintiffs suffered strokes, as stroke was not a complication mentioned in connection with Avandia use in 2007.

one of three ways: 1) when there is new evidence not previously available; 2) where there has

been an intervening change in controlling law; or 3) where there has been a clear error of law that

needs to be corrected to prevent manifest injustice.[2]  Such motions should be granted sparingly,[3]

and are "not to be used as a means to reargue matters already disposed of or as an attempt to

relitigate a point of disagreement between the Court and the litigant."[4]


**DISCUSSION**

GSK argues that reconsideration is appropriate because the Court "misapprehended"

GSK's position regarding a "bar date," i.e., the date by which any plaintiffs may be presumed as a

matter of law to have been on notice of a possible link between Avandia and their injuries.  In

denying the motions to dismiss, the Court noted that GSK represented at oral argument that the

bar date should be May 21, 2007.  GSK now contends that it argued for a date "as early as" May

21, 2007, but also drew attention to later dates in 2007.  It is because GSK's motions to dismiss

mentioned various dates as triggering the statute of limitations that the Court sought to clarify the

issue at oral argument.  At that argument, although counsel for GSK did mention other dates,

counsel repeatedly urged that the statute of limitations clock started ticking on May 21, 2007.[5]

---

[2] Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999); Brunson Communications, Inc. v. Arbitron, Inc., 246 F. Supp. 2d 446, 446 (E.D. Pa. 2003).

[3] Brunson Communications, Inc. 245 F. Supp. 2d at 447; Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002).

[4] Abu-Jamal v. Horn, No. 99-5089, 2001 WL 1609761, at * 9 (E.D. Pa. Dec. 19, 2001) (internal quotation omitted).

[5] At oral argument, the Court engaged in the following colloquy with Anthony Vale, counsel for GSK:

The Court:    [W]hen, at the latest, does GSK argue that plaintiff[s] should have been on notice as to the possible link between Avandia and the injury, their own injury?

The Court is not persuaded that it misunderstood GSK's position.

However, even if the Court did misapprehend GSK's argument, reconsideration would not be appropriate. Regardless of whether GSK argues that the statute of limitations began to run on May 21, 2007 or later that year, the issue cannot be determined on the present record, which is limited to the allegations of the complaints and media reports from May through November of 2007, of which the Court may take judicial notice (and which the Court did consider in denying the motions to dismiss). Although after the oral argument GSK filed a supplemental memorandum offering additional evidence, including letters sent to physicians between May and November 2007, these letters are not properly part of the record on motions to dismiss. Similarly, GSK argues that "[o]ther MDL judges in drug products liability litigation have invoked the statute

---

| Mr. Vale: | **Our position is that the statute began to run on May 21, 2007.** That was the date of the publication online of Dr. Nissen's article and the date of the publication of the FDA alert. For this motion, it doesn't matter whether your Honor were to apply May 21st, 2007, or say, the end of August. That's one month after the Ad Com, which was, I think, July 30, 2007. If your Honor were to say, well, sometime later in 2007, some of these actions might be within the two years. **So, basically, our position is we think that the statute began to run on May the 21st, 2007.** |
| --- | --- |
| | . . . |
| The Court: | All right, and the latest would be sometime near the end of 2007, November, perhaps? |
| Mr. Vale: | If your Honor were to wonder, "Well, what are the really milestone dates," May 21st, 2007, is the FDA alert, the Nissen article; I'd say Mr. Waxman's hearings at the beginning of June; then the Ad Com at the end of July. In August, the middle of August, a black box warning was added on congestive heart failure and then another change in the label was made in November of 2007. |
| | . . . |
| The Court: | Okay, so the operative dates are all in the last half of 2007, earliest and latest, as far as GSK is concerned? |
| Mr. Vale: | **The only date I'm arguing for is May 21, 2007.** |
| The Court: | Understood. |

Tr. Aug. 8, 2011 at 116-17 (emphasis added).

of limitations to bar claims irrespective of the circumstances of any individual plaintiff,"[6] but does not acknowledge that these courts ruled on motions for summary judgment.[7] At summary judgment, the Court has the full context of all of the information available to patients and prescribing physicians, context lacking here.

As an additional basis for reconsideration, GSK argues that six cases in which the Avandia patient died should be dismissed because under Pennsylvania law, the discovery rule does not apply in wrongful death actions. The Court declines to consider this argument, which was relegated to one sentence in GSK's reply brief in support of the motions to dismiss, as Plaintiffs were left without a fair opportunity to respond.[8] To consider this belated argument would be particularly inappropriate in these cases, where the question of whether Pennsylvania law should apply to the direct-filed actions has not been resolved.[9]

## CONCLUSION

The determination of a bar date for statute of limitations purposes requires consideration of all of the relevant facts and circumstances surrounding the timing of warnings and the availability of information with regard to the risks of Avandia use. It cannot be done on the current record. The Motions for Partial Reconsideration will be denied. An appropriate order will

---

[6] Def. Mem. Supp. Mot. Recon. at 2.

[7] See, e.g., In re Vioxx Prods. Liab. Litig., 522 F. Supp. 2d 799 (E.D. La. 2007); In re Zyprexa Prods. Liab. Litig., 489 F. Supp. 2d 230, 278 (E.D.N.Y. 2007).

[8] See, e.g., Bishop v. Sam's East, Inc., No. 08-4550, 2009 WL 1795316, at * 5 (E.D. Pa. June 23, 2009) (holding that an argument raised for the first time in a reply brief is waived).

[9] It is also noteworthy that in the reply brief to the motions to dismiss, GSK argued that there were four "death cases;" but in the motions for reconsideration, GSK acknowledges that it mistakenly failed to identify two additional cases, which it also seeks to dismiss on this basis. Def. Mem. Supp. Mot. Recon. at 6 n. 9.

5

be entered.